20-668-cv
*Ortiz v. The City of New York et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:   José A. Cabranes,
           Gerard E. Lynch,
                     *Circuit Judges,*
           Victor Marrero,
                     *Judge.*\*

---

Hector Garcia Ortiz,

        *Plaintiff-Appellant,*                    20-668-cv

        v.

The City of New York and Police Officer
Edwin Vazquez,

        *Defendants-Appellees,*

---

\* Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

JOHN DOES #1- #5, NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN AND INTENDED TO
BE THE LAW ENFORCEMENT PERSONNEL INVOLVED
IN DETENTION, BATTERY, SEARCHES, ARREST,
IMPRISONMENT AND PROSECUTION OF PLAINTIFF,
STEPHANIE HANNA,

         *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**        SCOTT A. KORENBAUM (Corey T. Lee, *on the brief*), New York, NY.

**FOR DEFENDANTS-APPELLEES:**      SUSAN PAULSON, Assistant Corporation Counsel (Richard Dearing and Melanie T. West, Assistant Corporation Counsels, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a February 14, 2020 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED** in part and **REVERSED** in part.

Plaintiff-Appellant Hector Garcia Ortiz ("Ortiz") sued the City of New York and Police Officer Edwin Vazquez (together, "Defendants") under 42 U.S.C. § 1983, primarily alleging the use of excessive force. After a one-week trial, the jury returned a verdict in favor of the Defendants on Ortiz's unlawful seizure claim but returned a verdict in favor of Ortiz on his unlawful force claim against Vazquez, awarding Ortiz $118,000 in compensatory damages. After the District Court set aside the jury verdict as to Ortiz's excessive force claim against Vazquez and entered judgment for Vazquez as a matter of law, Ortiz appealed, and this Court reversed and remanded with instructions to reinstate the jury's verdict as to the excessive force claim against Vazquez.[1] On remand, the District Court reinstated the jury's verdict in favor of Ortiz on his excessive force claim against Vazquez, and Ortiz moved for attorneys' fees and costs, seeking $944,987.25 in attorneys' fees and $30,170.10 in expenses. The sum sought by Ortiz in fees represented the lodestar calculation discounted by 10 percent. In addition to fees for associates and paralegals, this amount included fees

---

[1] *Ortiz v. City of New York*, 779 F. App'x 31, 32, 35 (2d Cir. 2019) (non-published summary order).

for Ortiz's two lead attorneys, Benno and Lee. Ortiz sought to recover fees for Attorney Benno in the amount of $468,564.80 (based on 771.3 hours billed at an hourly rate of $675) and for Attorney Lee in the amount of $379,845.00 (based on 734 hours billed at an hourly rate of $575). The Defendants proposed a lodestar of $283,502.98 and reduced expenses of $8,268.31, for a total award of $291,771.29. Defendants' lodestar calculation included a reasonable hourly rate of $400 for Attorney Benno and $300 for Attorney Lee, a 30 percent reduction in Ortiz's requested hours, and an additional 30 percent reduction of the hours billed.

The District Court granted Ortiz's motion for fees and calculated a lodestar of $132,400, relying on a reasonable hourly rate of $300 for both Attorneys Benno and Lee, and a combined 340 hours billed by a single lead attorney, plus 10 hours billed for time spent on the fee application. However, the court ultimately awarded $221,502.98 in fees, because it "decline[d] to award an amount lower than that proposed by the defendants,"[2] even though Defendants had proposed $283,502.98 in fees.

The District Court granted Ortiz's motion and awarded Ortiz $221,502.98 in attorneys' fees and $8,268.31 in costs. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."[3] "We review a district court's award for attorney's fees, expenses, and costs for abuse of discretion."[4] We have explained that, "[g]iven the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential."[5] Indeed, we have recently reiterated that "we afford district courts broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case."[6]

---

[2] Special App'x 22

[3] 42 U.S.C. § 1988(b).

[4] *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." (internal quotation marks omitted)).

[5] *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (*per curiam*).

[6] *Lilly*, 934 F.3d at 234; *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) (explaining that this high degree of deference is appropriate because "[w]e can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it").

The Supreme Court has emphasized that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."[7] We have explained that district courts evaluating a request for attorneys' fees must conduct a "lodestar analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate," which results in a presumptively reasonable fee.[8] "It is only after this initial calculation of the presumptively reasonable fee is performed that a district court may, in extraordinary circumstances, adjust the presumptively reasonable fee when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'"[9]

On appeal, Ortiz challenges only the fee award as to Attorney Benno and Attorney Lee. Ortiz argues first that the District Court erred in calculating the reasonable hourly rate because it failed to properly analyze the market rates for counsel of similar skill and experience as Benno and Lee, it discounted the success achieved by Ortiz, and it otherwise understated the complexity of the case. Although the District Court's conclusion as to the hourly rate is on the low end of what could be deemed reasonable, we do not agree that the District Court abused its discretion.

Here, in reaching its conclusion as to the reasonable hourly rates for Attorneys Benno and Lee, the District Court considered (1) the complexity of Ortiz's case, deeming it a "very simple" Section 1983 action that was "not complex and raised no novel issues";[10] (2) hourly rates for attorneys who brought comparable civil rights cases in the Southern District of New York; (3) Attorneys Benno's and Lee's respective experience, explaining why Benno, despite having practiced longer, was not entitled to a higher hourly rate; and (4) the degree of success achieved by Ortiz, based on the results of the litigation. The District Court also considered the rate a paying client would be willing to bear.

In these circumstances, we cannot conclude that the District Court erred in determining that $300 per hour was a reasonable hourly rate. Although it is true that a district court's determination of the reasonable hourly rate requires "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,"[11] as Ortiz argues, that should

---

[7] *Id.*

[8] *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014).

[9] *Lilly*, 934 F.3d at 230 (quoting *Millea*, 658 F.3d at 167); *but see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (reiterating that "the novelty and complexity of a case generally may not be used as a ground for *enhancement* because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel,'" as well as "the reasonable hourly rate") (citations omitted) (emphasis added)).

[10] Special App'x at 12, 17.

[11] *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

certainly not be the only factor the district court considers. Moreover, we recently emphasized that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."[12] The District Court appropriately considered the complexity of a matter because a reasonable paying client would consider the complexity of his or her case when deciding whether an attorney's proposed hourly rate is fair, reasonable, and commensurate with the proposed action. The District Court's decision to consider the experience of Attorneys Benno and Lee and the "garden-variety" nature of the litigation, which involved many claims that were dismissed before trial, required three depositions, and yielded a one-week trial, was consistent with our direction for district courts that, "in exercising [their] considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."[13]

Ortiz next argues that the District Court erred in calculating the number of hours reasonably expended because it failed to differentiate between the work performed by Attorneys Benno and Lee. We again disagree.

Here, the District Court noted that the total of hours billed by Attorneys Benno and Lee amounted to approximately 38 weeks of full-time work, based on a 40-hour workweek, and concluded that the number of hours billed—over 1,400 hours total— was excessive. In so concluding, the District Court explained that its review of the billing records indicated that both attorneys billed for "duplicated work" and for "many hours consulting with each other."[14] The District Court also observed that, although Attorney Lee identified himself as the principal trial counsel for Ortiz and was the only attorney of record for substantial portions of time—such as the discovery period, from February to October 2016—Attorney Benno also billed for a substantial number of hours spent on the case during this time. And both Attorney Benno and Attorney Lee billed fairly numerous administrative and clerical tasks (on top of billing for nearly 200 paralegal hours). The District Court concluded that, in light of the "run-of-the-mill" nature of this Section 1983 action and its identified issues with billing records (such as duplicative billing), it would award fees in connection with one lead attorney rather than two and then reduce the number of billed hours by approximately 50 percent.

The District Court's conclusion that 340 hours billed by a single lead attorney, plus 10 hours billed for time spent on the fee application, was appropriate for its fee calculation is not one that

---

[12] *Lilly*, 934 F.3d at 231 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). This statement, however, does not negate the requirement that the district court give consideration to the "experience and skill [of] the fee applicant's counsel." *Farbotko*, 433 F.3d at 209.

[13] *Id.* at 230 (internal quotation marks omitted).

[14] Special App'x at 20.

5

"cannot be located within the range of permissible decisions."[15] A party seeking attorneys' fees must provide contemporaneous attorneys' records detailing the legal services provided in connection with the instant motion, including "for each attorney, the date, the hours expended, and the nature of the work done."[16] When there are problems with billing records, such as vague entries or "block-billing," we have approved the use of "percentage cuts as a practical means of trimming fat from a fee application."[17] We have also concluded that a "district court did not commit legal error in reducing [a] fee award to account for clerical tasks performed by [counsel]".[18] Thus, in reducing the hours reasonably expended to account for the complexity of the case as well as to reflect the various identified issues with the billing records, we are satisfied that the District Court achieved "rough justice," if not "auditing perfection," in its calculation of the hours reasonably expended.[19]

However, as a final matter, we note that, although the District Court observed that its presumptively reasonable fee calculation would have yielded a fee award of $132,400, the District Court decided that it would nevertheless award $221,502.98 because Defendants "have not requested an amount below $221,502.98 in attorneys' fees."[20] But Ortiz correctly points out on appeal that Defendants in fact argued that a total award of fees and costs should total $291,771.29. Subtracting the awarded costs of $8,268.31 from the total award sought by Defendants yields a fee award of $283,502.98. This fee award is precisely $62,000 *more* than what the District Court stated that Defendants had argued was an appropriate fee award. The District Court does not explain this difference. Nevertheless, because we identify no other error in the District Court's stated reasoning to increase its fee award in its discretion to the amount sought by Defendants, we will reverse in part and remand with direction to enter an award of $291,771.29 consisting of $283,502.98 in fees and $8,268.31 in costs.

---

[15] *Millea*, 658 F.3d at 166 (internal quotation marks omitted).

[16] N.Y. *State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

[17] *Id.* at 1146.

[18] *Lilly*, 934 F.3d at 234; *see also id.* (explaining "while district courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work), a district court is not required to make such reductions").

[19] *Fox*, 563 U.S. at 838. We also note that, because the District Court ultimately awarded a considerably higher fee than its calculated lodestar, since both fees were based on the same number of hours, then the District Court effectively awarded Attorneys Benno and Lee a higher hourly rate than its lodestar calculation would suggest.

[20] Special App'x at 22.

**CONCLUSION**

We have reviewed all of the arguments raised by Ortiz on appeal and find them to be without merit. The February 14, 2020 order of the District Court is **AFFIRMED** in part and **REVERSED** in part. We **REMAND** with direction to enter an award of $291,771.29 consisting of $283,502.98 in fees and $8,268.31 in costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk